UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUDITH D. HINES,

    Plaintiff,

v.                                                  Case No.  8:12-cv-2910-T-24-EAJ

DELTA FAMILY-CARE DISABILITY
AND SURVIVORSHIP PLAN, et al.,

    Defendants.
_____/

**ORDER**

This cause comes before the Court on Defendants Delta Family-Care Disability and Survivorship Plan (the "Plan") and Sedgwick Claims Management Services, Inc. ("Sedgwick") Motion for Summary Judgment as to their counterclaim for equitable relief under 29 U.S.C. § 1132(a)(3), seeking reimbursement for benefits overpaid by the Plan.  (Dkt. 56.)  Plaintiff Judith Hines, proceeding *pro se,* did not file a response.

I.       **STANDARD OF REVIEW**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. *See Porter v. Ray,* 461 F.3d 1315, 1320 (11th Cir. 2006) (citation omitted). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. *See id.* When a moving party has discharged its burden, the

non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts.

## II.     DEFENDANTS' COUNTERCLAIM UNDER 29 U.S.C. § 1132(A)(3)

The Plan is an employee welfare benefits plan, which provides short-term disability ("STD") and long-term disability ("LTD") benefits and is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*. ("ERISA").[1] (Dkt. 56-2.) Sedgwick Claims Management Services, Inc. ("Sedgwick") is the claims administrator.

A plan fiduciary may bring a civil action under section 502(a)(3) of ERISA "to obtain . . . appropriate equitable relief . . . to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3). A claim that seeks "'recovery through an equitable lien on a specifically identified fund' in the defendant's possession and control is equitable relief for purposes of § 1132(a)(3)." *Popowski v. Parrott*, 461 F.3d 1367, 1373 (11th Cir. 2006) (quoting *Sereboff v. Mid-Atlantic Medical Servs. Inc.*, 126 S. Ct. 1869, 1874 (2006)).

Under the Plan, a claimant must apply for Social Security disability benefits when notified to do so by the claims administrator. (Dkt. 56-2 at 78, Plan §§ 4.08(a), (b).) The Plan requires that STD and LTD benefit amounts be reduced by the claimant's disability benefits provided under the Federal Social Security Act. (*Id*. at §§ 4.06(a), 1.24.) The Plan further requires that "[i]f an Employee is awarded Social Security Disability for any period for which the Plan has fully paid disability benefits hereunder, there will be an overpayment from the Plan equal to the amount of such Social Security Disability benefits so paid," and the Plan has the right to recover the overpayment. (*Id*. at §§ 4.08(c), 11.07.)

---

[1] The applicable version is the Plan as amended and restated effective April 1, 2006. (Dkt. 56-2.) The first amendment to the Plan, effective January 1, 2007, amended the provisions regarding disability benefits. (Dkt. 56-2 at 59-80.)

Hines was employed by Delta Air Lines, Inc. as a customer services agent until she injured her right wrist in August 2009.  (Hines 110-11, 153).[2]  Hines received STD benefits under the Plan from August 16, 2009 to February 15, 2010.  She then applied for and received LTD benefits under the Plan (Hines 153-60), and she signed a Reimbursement Agreement Concerning Long Term Disability Benefits ("Reimbursement Agreement"), agreeing to repay any overpayment of disability benefits when awarded retroactive Social Security Disability Insurance ("SSDI") benefits (Hines 156-57).  Hines applied for SSDI benefits.  (Dkt. 53 at 5.)

Sedgwick sent a letter to Hines, notifying her that her LTD benefits were terminated effective November 23, 2010. (Hines 268-69.)  Hines appealed the termination of her benefits twice; Sedgwick upheld the decision to terminate her LTD benefits on February 2011 and September 2011, respectively.  (Hines 443, 485-86.)

The Social Security Administration ("SSA") sent Hines a Notice of Award, dated May 10, 2011, awarding her monthly SSDI benefits beginning February 2010.  (Hines 439-42.) Hines apparently did not notify Defendants of her SSDI award, but Defendants learned of it anyway. (Hines 438, 452.) Sedgwick sent Hines a letter, dated May 25, 2011, stating that the Plan has overpaid benefits due to her SSDI award, providing details calculating the amount of overpaid benefits, and requesting reimbursement of overpayment in the amount of $9,361.10.  (Hines 452-55).  Hines did not submit any repayment or otherwise respond to Sedgwick's letter regarding overpayment.  Sedgwick sent four additional letters on July 7, 2011, August 25, 2011, September 26, 2011, and August 14, 2012.  (Hines 465-66, 477, 481, 538-39.)  Hines neither repaid nor responded.

---

[2] Citations to the administrative record are given by referencing the bates stamp number of the document.  (Dkt. 56, Schultz Decl., Ex. D.)

3

In August 2012, Hines filed a complaint in the District of Columbia, alleging that she is entitled to LTD benefits under the Plan from November 22, 2010 to the present. (Dkt. 1.) The suit was transferred to the Middle District of Florida in December 2012. (Dkt. 14.) Hines has been proceeding *pro se* since February 14, 2013. (Dkt. 22.)

On April 2, 2013, Defendants filed a unilateral case management report. (Dkt. 29.) At a preliminary pretrial conference, which Hines attended, the Court adopted Defendants' proposed schedule. Defendants also stated that they planned to amend their answer to add a counterclaim, seeking reimbursement for overpayment due to Hines' retroactive SSDI award.

On July 1, 2013, Defendants moved to file an amended answer and a counterclaim seeking equitable relief pursuant to 29 U.S.C. § 1132(a)(3), based on their contention that the Plan overpaid $9,361.10 in benefits and obligates Hines to reimburse the amount of overpayment. (Dkt. 49.) Hines did not respond, and the Court granted Defendants' motion to amend. (Dkt. 50.)

On August 6, 2013, Hines filed a motion for summary judgment as to her ERISA claim for LTD benefits. (Dkt. 53.) Although her summary judgment motion did not appear to address Defendants' counterclaim, she asserted: "Upon extension of her disability benefits, soon thereafter, in July 2010, Ms. Hines applied for Social Security disability benefits. It was required." (*Id.*) On September 3, 2013, Defendants filed a response in opposition to Hines' motion for summary judgment as well as a motion for summary judgment on Hines' ERISA claim for LTD benefits and Defendants' counterclaim seeking equitable relief under § 1132(a)(3). (Dkts. 56, 57.)

When Hines did not file a timely response to Defendants' motion for summary judgment, the Court entered an order directing her to show cause as to why the Court should not consider

4

Defendants' motion without her response and noting that the "[f]ailure to respond will result in the Court considering the motion to be unopposed." (Dkt. 58.) Hines neither responded to the Court's order nor filed a response in opposition to Defendants' motion for summary judgment.

On November 20, 2013, the Court issued an order denying Hines' summary judgment motion and granting Defendants' summary judgment motion as to Hines' ERISA claim for LTD benefits. (Dkt. 59.) The Court deferred ruling on Defendants' summary judgment motion as to their counterclaim and set the matter for a hearing on December 3, 2013. (Dkts. 59, 60.) The notice of hearing states that Hines' failure to appear would result in Defendants' summary judgment motion as to their counterclaim being deemed unopposed. (Dkt. 60.)

Hines did not appear at the December 3, 2013 hearing. (Dkt. 61.) The Court called Hines from the courtroom but she did not answer the telephone. The Court proceeded to hear Defendants' argument regarding their right to the reimbursement of overpayment in the amount of $9,361.10.

Upon consideration of the record facts and proceedings, the Court finds that Defendants are entitled to recover the amount of benefits they overpaid Hines. Accordingly, Defendants' motion for summary judgment on their counterclaim is granted.

## III.  CONCLUSION

It is **ORDERED AND ADJUDGED** that Defendants' Motion for Summary Judgment on their counterclaim for equitable relief under 29 U.S.C. § 1132(a)(3) (Dkt. 56) is **GRANTED.** The Clerk is directed to enter judgment in favor of Defendants in the amount of $9,361.10, and to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 4th day of December, 2013.

6

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record and Parties